## 16-cv-24447-Huck

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**RENE MESA**

**Plaintiff**

-vs-

**AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE and TRANSWORLD SYSTEMS INCORPORATED**

**Defendants**

_____/

FILED by _____ D.C.

OCT 21 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION
### JURY DEMAND

COMES NOW RENE MESA (herein the Plaintiff) in the above styled cause, and hereby sues Defendants AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY, WALLY SCHMADER and JOSHUA GINDIN ESQUIRE and TRANSWORLD SYSTEMS INCORPORATED for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and Negligent Supervision.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

2.    Upon information and belief, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3.    Plaintiff contends that the Defendants have violated such laws by engaging in illegal debt collection failing to yield to Federal and State law as more fully stated herein.

**4.    The Plaintiff asks for more than $65,000.00 in salutary and actual damages.**

## PARTIES

5.    Plaintiff, RENE MESA, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.    AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY is a debt collector and is located at WORLD FINANCIAL CENTER, NEW YORK, NY 10285.

7.    AMERICAN EXPRESS is a debt collector and is located at WORLD FINANCIAL CENTER NEW YORK, NY 10285.

8.    NCO FINANCIAL SYSTEMS, INCORPORATED is a debt collector and is located at 515 PENNSYLVANIA AVE, FORT WASHINGTON, PA 19034.

9.    NCO GROUP is a debt collector and is located at 515 PENNSYLVANIA AVE, FORT WASHINGTON, PA 19034.

10.     TRANSWORLD SYSTEMS INCORPORATED (herein "TRANSWORLD SYSTEMS" or "TRANSWORLD") is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

11.     JOSEPH LAUGHLIN, CHIEF EXECUTIVE OFFICER of TRANSWORLD SYSTEMS INCORPORATED.   This Defendant is located at is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

12.     STEVEN L. LECKERMAN of TRANSWORLD SYSTEMS INCORPORATED CHIEF OPERATING OFFICER AND EXECUTIVE VICE PRESIDENT.   This Defendant is located at is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

13.     BARNEY ZENG, SR. is VICE PRESIDENT/GENERAL MANAGER of TRANSWORLD SYSTEMS INCORPORATED.  This Defendant is located at is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

14.     JIM KIRBY is the VICE PRESIDENT OF COLLECTIONS of TRANSWORLD SYSTEMS INCORPORATED.  This Defendant is located at is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

15.     WALLY SCHMADER is the VICE PRESIDENT of TRANSWORLD SYSTEMS INCORPORATED.  This Defendant is located at is a debt collector and is located at 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407.

16.     JOSHUA GINDIN ESQUIRE. is the EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL AND DIRECTOR of TRANSWORLD SYSTEMS INCORPORATED.

17.     Defendants regularly use the mail in a business the principal purpose which is the collection of debts.

18.     Defendants regularly collect or attempt to collect debts.   They are "debt collectors" as defined in the FDCPA.

19.     At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

20.     At all times, these Defendants engaged in debt collection and controlled the operations of TRANSWORLD SYSTEMS INCORPORATED, directly or indirectly.

21.     Under the FDCPA a  debt collector is any person:

> **§ 803.   Definitions [15 USC 1692a]**(6) The term "debt collector" means **any person** who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, **directly or indirectly**, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests..."

22.     Therefore, Plaintiff alleges that the aforementioned Defendants are "any persons" engaged in unlawful debt collection against Plaintiff, **directly or indirectly** in violation of the FDCPA.  The FDCPA regulates what debt collectors can do in collecting debts. See 15 U.S.C. §§ 1692–1692p. A "debt collector" includes "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id.  § 1692a(6).

23.     Florida Statute §559.55(6) defines the term "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or

outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

24.     Effective October 1, 2014, 559.55(4) FS. "Control person" means an individual, partnership, corporation, trust, or other organization that possesses the power, directly or indirectly, to direct the management or policies of a company, whether through ownership of securities, by contract, or otherwise. The term includes, but is not limited to:

    a) A company's executive officers, including the president, chief executive officer, chief financial officer, chief operations officer, chief legal officer, chief compliance officer, director, and other individuals having similar status or functions.

    b) For a corporation, a shareholder who, directly or indirectly, owns 10 percent or more or that has the power to vote 10 percent or more, of a class of voting securities unless the applicant is a publicly traded company.

    c) For a partnership, all general partners and limited or special partners who have contributed 10 percent or more or that have the right to receive, upon dissolution, 10 percent or more of the partnership's capital.

    d) For a trust, each trustee.

    e) For a limited liability company, all elected managers and those members who have contributed 10 percent or more or that have the right to receive, upon dissolution, 10 percent or more of the partnership's capital.

25.     It is a well settled rule of statutory construction that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms.  Therefore, these Defendants are "control persons" as defined by 559.55(4) FS.

26.     Courts will not interpret a statute in such a way as to render portions of it meaningless.

27.     Section 803(6) of the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, **directly or indirectly**, debts owed or due or asserted to be owed or due another.

28.     Creditors who collect their own debts may see that definition and stop reading. Big mistake – because Section 803(6) goes on to say "the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." In other words, if a creditor collects its own debts but uses a different name that suggests it's a third-party debt collector, presto. The company is now a debt collector subject to the FDCPA.

29.     Likewise, the FCCPA § 559.72(6) states:

> FCCPA § 559.72(6) "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, **directly or indirectly**, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts.

## FACTUAL ALLEGATIONS

30.     Defendants sought to collect an alleged debt from Plaintiff arising from a debt for personal, family or household purposes.

31.     This is an action regarding the Defendant's attempt to collect a debt initiated by calls to Plaintiff's cellular telephone several times within the last four years, by use of an automated telephone dialing system.

32.     Someone called representing that they were calling on behalf of TRANSWORLD SYSTEMS, INCORPORATED by use of an automated dialer, but did not provide their name. This Defendant failed to provide meaningful identification as debt collector at the inception of the calls. Plaintiff received several telephone calls from different telephone numbers. Plaintiff intends to propound discovery to discover the different telephone numbers and the true identities of the callers.

33.     These calls were made to Plaintiff cellular telephone after numerous requests to cease and desist and even a federal lawsuit against NCO FINANCIAL SYSTEMS ( *RENE MESA vs. NCO FINANCIAL SYSTEMS, INC.; JANE DOE, an individual; JANE DOE, an individual; JOHN DOE #1, an individual; JOHN DOE #2, an individual*, Case # 1:13-cv-23131-UU, since settled. The FEDERAL TRADE COMMISSION (FTC) has also brought suit against NCO and TRANSWORLD resulting in a consent agreement (Exhibit 1). These Defendants are flagrant violators of the law.

34.     The last call received from TRANSWORLD, was on or about October 22, 2015.

35.     When Plaintiff returned the telephone calls, Plaintiff was not advised that TRANSWORLD was engaged in an attempt to collect a debt. TRANSWORLD failed to provide any meaningful identification to Plaintiff as a debt collector and failed to provide Plaintiff with the mini-miranda. Instead, TRANSWORLD's representatives engaged in obtaining location information from the Plaintiff.

36.     Plaintiff also stated that he did not consent to being recorded, and the representative stated that she could not turn off the recorder and that a supervisor would have to call back from another line. This information was false. After obtaining location information from Plaintiff, the representative then stated that she needed to tell me that

she was a debt collector pursuant to her notes. This was after the caller obtained all of Plaintiff's private information.

37.     Plaintiff did ask in the beginning of the telephone call whether TRANSWORLD and she were debt collectors and the representative became and angry, and said that she was no required to state that she was engaged in an attempt to collect a debt unless Plaintiff identified himself first, despite stating that I received a telephone call from TRANSWORLD. Plaintiff did state that he did not agree with that assertion and legal interpretation by the representative and the representative stated "Sir, I am not going to argue with you!"

38.     A series of clicks ensued which seemed to disconnect the call and without any notice, it seemed that Plaintiff was instead put on hold for over seven minutes. Subsequently the call was disconnected.   Before the call was disconnected, I was able to obtain her name.   She said her name was MAGGIE BUSCH.   The acts of this representative were rude, oppressive, unfair and abusive.

39.     Plaintiff called again and again there was no meaningful identity provided as to the identity of the company or the caller. Again no mini-miranda was provided. I then called again and this time the representative, this representative, STEPHANIE SCHUL, stated that she worked for TRANSWORLD SYSTEMS INCORPORATED the Plaintiff owed $10,945.85 cents.     She claimed that even if Plaintiff made late payments to TRANSWORLD that those late payments would not appear on the credit report however that was false. The late payments did appear on Plaintiff's credit report.

40.     Plaintiff was put on hold for two minutes and the representative said that she needn't identify herself because she didn't know who Plaintiff was. Again Plaintiff was

then required to provide private financial and location information and again transferred this time to KIRSTEN BALKO, SUPERVISOR, which continued more of the same. Plaintiff expressed his frustration as to unsolicited, illegal calls, and several "late payments" reported on his credit report that never took place.

41.     The supervisor stated that AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY was the original lender for the loan.   KIRSTEN BALKO, SUPERVISOR stated that AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY was the original lender and that further inquiry regarding the false late payments that appeared in my credit report should be taken up with them.   The supervisor ended the telephone call.   Plaintiff sent TRANSWOLD SYSTEMS a notice of dispute as to the false late payments that appeared in my credit report.   TRANSWORLD failed to list the debts as disputed.   By reporting misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates and ages of said alleged debt, and other matters which these Defendants knew or should have known would mislead, they violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).   After several months, the late payments were removed.

42.     Here is what appeared in my credit report:

    U.S. Department of Education claims a $6,284 charge off
    Tans union says closed July 31, 2010
    Both accounts say open as of june 17, 1999
    Transunion says monthly payment $5,261
    Amount due for Equifax is $6,284 and Transunion is $5,261
    Amount past due is $6,284 for Equifax and $5,261 for Transunion
    Times 90 day late for Equifax is 24 (past the statute of limitation).
    Last reported Oct 3, 2015
    June CO, Feb co, mco, aco, may co, ja co, july co, a co,
     2014 june – December co,

2013 ju- dec co
2012 jun co, sept co,oct co, nov co, dec co
2011 june 120 , February 120, march 120, june 120, july 120, aug 120,
2010 june 120, aug 120 sept 120 oct 120, nov 20 dece 120
Collection charge off 120 – 149 days late

43.     Plaintiff's credit report stated (since removed) that Plaintiff missed 14 payments within the last four (4) years.  This information was false.  These were defaulted student loans and no payment was ever made on them.  It was deceptive for AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS and TRANSWORLD to report this false information to the credit bureaus.  These defendants knowingly listed seventy –two (72) false and derogatory entries in Plaintiff's credit with Equifax, Experian and Transunion.  At all times, the Defendant knowingly attempted to insert false credit information into Plaintiff's credit report in order to coerce payment.

44.     Through information and belief, Plaintiff must allege that TRANSWORLD illegally obtained Plaintiff's unlisted cellular telephone number illegally and calls Plaintiff and many others, then hangs up on them when their inquire as to the nature of the call.  At no time did Plaintiff consent to receive calls from TRANSWORLD.

45.     AMERICAN   EXPRESS   EDUCATIONAL   ASSURANCE   COMPANY, AMERICAN EXPRESS and TRANSWORLD engaged in a knowingly unlawful attempt to collect a debt by providing knowing false and deceptive credit information to the Credit Bureaus in an attempt to collect a debt.

46.     Plaintiff   does   not   do   business   with   TRANSWORLD   SYSTEMS INCORPORATED.   As such, Plaintiff did not provide TRANSWORLD SYSTEMS INCORPORATED with his name address or telephone number.  Plaintiff has never received any lawful notification of TRANSWORLD SYSTEMS INCORPORATED

attempt to collect a debt or his rights to dispute the debt. Plaintiff therefore alleges that TRANSWORLD SYSTEMS INCORPORATED's managers provided their employees and agents with Plaintiff's private financial information and telephone number illegally.

47.     Plaintiff's telephone number is unlisted and has changed several times over the years. Plaintiff has never provided TRANSWORLD SYSTEMS INCORPORATED with consent to call his cellular telephone.

48.     AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant. This Defendant is required to make certain that their employees, agents and servants engage in collection efforts that are compliant with the TCPA, FDCPA and the FCCPA.

49.     AMERICAN EXPRESS controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant.

50.     NCO FINANCIAL SYSTEMS, INCORPORATED controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly

through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs.. INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant.

51.     NCO GROUP controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant.

52.     JOSEPH LAUGHLIN, CHIEF EXECUTIVE OFFICER of TRANSWORLD SYSTEMS controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant.

53.     MR. STEVEN L. LECKERMAN of TRANSWORLD SYSTEMS CHIEF OPERATING OFFICER AND EXECUTIVE VICE PRESIDENT controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED. They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs.. INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed

others to act on their behalf.  Their employees accept direct and control from this Defendant.

54.    MR. BARNEY ZENG, SR. is VICE PRESIDENT/GENERAL MANAGER of TRANSWORLD SYSTEMS INCORPORATED controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED.  They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf. Their employees accept direct and control from this Defendant.

55.    MR. JIM KIRBY is the VICE PRESIDENT OF COLLECTIONS of TRANSWORLD SYSTEMS controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED.  They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf.  Their employees accept direct and control from this Defendant.

56.    WALLY SCHMADER is the VICE PRESIDENT of TRANSWORLD SYSTEMS INCORPORATED controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED.  They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf.  Their employees accept direct and control from this Defendant.

57.    MR. JOSHUA GINDIN ESQ. is the EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL AND DIRECTOR of TRANSWORLD SYSTEMS controls, directs, manages, oversees, supervises, profits from and engages in debt collection directly and indirectly through TRANSWORLD SYSTEMS INCORPORATED.   They are responsible to the acts of their agents under agency. *Bent v. Smith, Dean & Assocs., INCORPORATED*, 2011 WL 2746847 (M.D. Fla. July 14, 2011). This defendant allowed others to act on their behalf.   Their employees accept direct and control from this Defendant.

58.    Through information and belief, Plaintiff must allege that individuals who control and direct the practices of a collection firm are personally liable even if they act under the auspices of a corporate entity. In addition, they are liable as persons who "directly or indirectly" collect or attempt to collect a debt. Officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted.

59.    These Defendants'' failed to properly train employees failed to exercise reasonable care in the debt collection practices and properly train employees in compliance with state and federal debt collection laws.

60.    Plaintiff does not authorize either of these debt collectors to call his cellular telephone.

61.    No of these debt collectors have sent the Plaintiff notification of his right to dispute the debt and therefore, failed to comport with the mandated requirements of §1692g of the FDCPA.

62.     Through information and belief, TRANSWORLD is clearly engaged in an attempt to collect a debt for one or more entities.

63.     No one has explained to Plaintiff how they obtained Plaintiff's personal cellular telephone number or how Plaintiff consented to the instant call.

64.     The acts of the Defendant's were reasonably calculated to confuse or frustrate the least sophisticated consumer.

65.     All Defendants have superior knowledge of finance and legalese and knew, should have known, or through the lack of reasonable care should have deduced that federal and state law prohibits the collection of debts in violation of the FDCPA and the FCCPA.

66.     These acts were at all times knowing and with actual knowledge as to the violations of Plaintiff's rights.

67.     All the Defendants have profited from all collection activity.

68.     That none of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A) or otherwise permitted under 47 U.S.C. § 227(2)(B).

69.     That Defendant either willfully or knowingly violated the TCPA.

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692(d)**
**ATTEMPTING TO COLLECT A DEBT IN A MATTER THAT IS DECEPTIVE**
**UNFAIR AND ATTEMPTING TO COLLECT A DEBT IN A MANNER THAT IS**
**ENGAGING IN CONDUCT A NATURAL CONSEQUENCE OF WHICH IS TO**
**HARASS, OPRESS OR ABUSE AS TO ALL DEFENDANTS**

70.     Plaintiff incorporates paragraphs 1-69 as though fully restated herein.

71.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

72.     Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and  WALLY SCHMADER are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

73.     By calling Plaintiff unlisted telephone number and harassing him despite being asked to cease the calls and reporting false information with the credit bureaus, Defendants violated the Fair Debt Collection Practices Act by engaging and instructing others to engage in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and   WALLY SCHMADER for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA.  Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C.
## § 1692 e(2) CHARACTER, AMOUNT, OR LEGAL STATUS OF THE ALLEGED
## DEBT

74.     Plaintiff incorporates paragraphs 1-69 as though fully restated herein.

75.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

76.     Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and  WALLY SCHMADER are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

77.     By reporting engaging and instructing others to report late payments that never took place on Plaintiff' credit reports, the Defendants mislead the character, amount or legal status of the debt in violation of 15 U.S.C. §1692(e)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and   WALLY SCHMADER for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA.   Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C.
## § 1692 e(8) THREATENS OR COMMUNICATES FALSE CREDIT
## INFORMATION, INCLUDING THE FAILURE TO COMMUNICATE THAT A
## DEBT IS DISPUTED

78.     Plaintiff incorporates paragraphs 1-69 as though fully restated herein.

79.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

80.     Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L.

LECKERMAN, BARNEY ZENG, JIM KIRBY and  WALLY SCHMADER are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

81.     By engaging and instructing others to provide the credit bureaus with false late payments, the Defendants communicated knowingly false information to the credit bureasu in violation of 15 U.S.C. §1692(e)(8).

        **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and    WALLY SCHMADER for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA.  Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C.
## § 1692 e(10) ANY FALSE REPRESENTATION OR DECEPTIVE MEANS TO
## COLLECT A DEBT OR OBTAIN INFORMATION ABOUT A CONSUMER

82.     Plaintiff incorporates paragraphs 1-69 as though fully restated herein.

83.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

84.     Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and  WALLY SCHMADER are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

85.     By engaging and instructing others to call Plaintiff unlisted telephone number and harassing him despite being asked to cease the calls and reporting false information with the credit bureaus, failure to provide a mini-miranda and failing to meaningfully identify themselves, the Defendants violated the Fair Debt Collection Practices Act by use of deceptive means to collect a debt and in violation of 15 U.S.C. §1692(e)(10).

        **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and WALLY SCHMADER for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

### COUNT V
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C.
### § 1692 e(11) COMMUNICATION FAIL TO CONTAIN THE MINI-MIRANDA
### WARNING: "THIS IS AN ATTEMPT TO COLLECT A DEBT...
### COMMUNICATION IS FROM A DEBT COLLECTOR."

86.     Plaintiff incorporates paragraphs 1-69 as though fully restated herein.

87.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

88.     Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and WALLY SCHMADER are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

89.    By engaging and instructing others to in obtaining location information while failing to provide Plaintiff the mini-miranda, the Defendants violated the Fair Debt Collection Practices Act by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §169(e)(11).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants TRANSWORLD SYSTEMS INCORPORATED, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY and    WALLY SCHMADER for actual and/or statutory damages, and punitive damages, attorney's fees and costs, pursuant to FDCPA.   Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

### COUNT VI
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY ALL DEFENDANTS

90.    Plaintiff alleges and incorporates the information in paragraphs 1-69 as though fully restated herein.

91.    Plaintiff is a consumer within the meaning of §559.55(2).

92.    AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE and TRANSWORLD SYSTEMS INCORPORATED are debt collectors within the meaning of §559.55(6)(a).

93.     Defendants engaged and instructed others to violated §559.72(9) by asserting the existence of some other legal right when such person knows that the right does not exist.

94.     These Defendants did not have legal right to call Plaintiff's unlisted telephone number, harass the Plaintiff after being asked to cease calls or reporting false information to the credit bureaus.

95.     Defendant engaged in unlawful activity knowing that the activity was in violation of state and federal law and not legally allowed to be taken.

96.     As more stated in Plaintiff's factual allegations, the Plaintiff's engaged in unlawful debt collection and took actions not legally allowed to be taken.

        **WHEREFORE**, Plaintiff demands judgment for damages against AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE and TRANSWORLD SYSTEMS INCORPORATED for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

### COUNT VII
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

97.     Plaintiff incorporates Paragraphs 1-69.

98.     Defendant TRANSWORLD SYSTEMS INCORPORATED violated § 227(b)(1)(A)(iii), of the Telephone Consumer Protection Act by making one or more telephone calls to Plaintiff's cellular telephone, which were initiated by an electronic

autodialing device not legally permitted under any provision to the aforementioned statute and for non-emergency purposes.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

 (a) Statutory damages for each violation of the TCPA;

 (b) Statutory damages for each knowing or willful violation of the TCPA;

 (c) A permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's residential telephone initiated by artificial or prerecorded voice;

 (d) Attorney's fees, litigation expenses and costs of the instant suit; and

 (e) Such other or further relief as the Court deems proper.

## COUNT VII.
## NEGLIGENT SUPERVISION

99.   Plaintiff incorporates by reference paragraphs 1-69 as though fully stated herein.

100.   Defendant AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN, BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE and TRANSWORLD SYSTEMS INCORPORATED owed Plaintiff a duty in its supervision of its employees.

101.   Defendant AMERICAN EXPRESS EDUCATIONAL ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS, INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN,

BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE
and TRANSWORLD SYSTEMS INCORPORATED was negligent in its supervision of
its employees which resulted in multiple violations of state and federal law and the
subsequent harassment and abuse of the Plaintiff.

102.    Defendant AMERICAN EXPRESS EDUCATIONAL ASSURANCE
COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS,
INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN,
BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE
and TRANSWORLD SYSTEMS INCORPORATED failed to use reasonable care to
supervise the activity of its employees and make certain that their acts are compliant with
state and federal law.

103.    The acts and omissions of Defendants AMERICAN EXPRESS EDUCATIONAL
ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS,
INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN,
BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE
and TRANSWORLD SYSTEMS INCORPORATED employees posed a threat of harm
to the Plaintiff or others.

104.    Plaintiff was harmed by Defendants AMERICAN EXPRESS EDUCATIONAL
ASSURANCE COMPANY, AMERICAN EXPRESS, NCO FINANCIAL SYSTEMS,
INCORPORATED, NCO GROUP, JOSEPH LAUGHLIN, STEVEN L. LECKERMAN,
BARNEY ZENG, JIM KIRBY, WALLY SCHMADER, JOSHUA GINDIN ESQUIRE
and TRANSWORLD SYSTEMS INCORPORATED negligent supervision.

105.    Plaintiff has been seriously damaged as a result and is entitled to her damages,

costs and attorneys fees.

WHEREFORE, the Plaintiff asks for actual and compensatory damages for the

Negligent Supervision of its employees against Defendant ACME, in a reasonable

amount in excess of $50,000.00;

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this October 21, 2016.

RENE MESA
7014 N.W. 169 St.
Miami, Fl 33015
305-744-6134

CC: FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20580

# Exhibit 1



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERT GLOBAL SOLUTIONS, INC., f/k/a | ) |
| NCO GROUP, INC., a corporation, | ) |
| NCO FINANCIAL SYSTEMS, INC., a corporation,| ) |
| ALW SOURCING, LLC, a limited liability | ) |
| company, TRANSWORLD SYSTEMS INC., | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TE...**
**FILED**

**JUL 1 6 2013**

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Civil Action No.

**3-13CV2611-M**

## STIPULATED ORDER FOR PERMANENT
## INJUNCTION AND MONETARY JUDGMENT

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("Commission" or "FTC") pursuant to

Section 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a), has filed its

Complaint for a permanent injunction, civil penalties, and other relief. Defendants Expert Global

Solutions, Inc. ("NCO Group"), NCO Financial Systems, Inc. ("NCOF"), ALW Sourcing, LLC

("ALW"), and Transworld Systems Inc. ("Transworld") have waived service of the summons and

Complaint. The parties, represented by the counsel identified below, have agreed to this

settlement of this action, without adjudication of any issue of fact or law, to resolve all matters in

dispute in this action between them by stipulation to this Order for Permanent Injunction and

Monetary Judgment ("Order").

**THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:**

Page 1 of 30

## FINDINGS

1.     This Court has jurisdiction of the subject matter and of the parties.

2.     The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

3.     Venue in this district is proper under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

4.     The activities of Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     Defendants have entered into this Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order and, only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

7.     All parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendants further waive and release any claim they may have against the Plaintiff or the Commission, and their employees, representatives, or agents.

8.     Defendants agree that this Order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waive any right to attorneys' fees that may arise under said provision of law.

9.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      "Debt," for purposes of this Order, means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

2.      "Debt Collector," for purposes of this Order, means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of this Order, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or

affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

    (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;

    (ii) concerns a debt which was originated by such person;

    (iii) concerns a debt which was not in default at the time it was obtained by such person; or

    (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

3.    "Collecting on debt" for purposes of this Order, means a Debt Collector recovering

or attempting to recover, directly or indirectly, debts owed or due or asserted to be owed or due another.

    4.     "Defendants" means Defendants NCO Group, NCOF, ALW, and Transworld, and their successors and assigns.

    5.     "Investigation," for purposes of this Order, means objectively evaluating the circumstances and considering information, including an assessment of the relevance, reliability, accuracy, and completeness of such information, to determine whether a person owes a debt in the amount asserted by Defendants while collecting on debt. The information Defendants shall assess in an Investigation shall include but not be limited to:

        (A) any applicable information that Defendants received from the credit originator or the creditor to whom the debt is owed, such as: (i) the debtor's credit application; (ii) the credit contract between the debtor and the credit originator, (iii) documents with the current or former name, address, and telephone phone number of the debtor, (iv) documents with the debtor's account number, in whole or in part, and account statements, (v) documents with the date and amount of last payment, (vi) documents with the date and outstanding balance at charge-off, and (vii) collector's notes;

        (B) any applicable information that Defendants received from data aggregators, data brokers, consumer reporting agencies, skip tracers, and other third-parties, such as: (i) documents with the current or former name, address, and telephone number of the debtor, (ii) documents with consumer report information, including

credit scores and updates to the information in credit reports, and (iii) the scoring of

the debt through the use of a predictive model;

(C) any applicable information that Defendants created or maintained in collecting

on the debt, such as collectors' notes; and

(D) any applicable information Defendants received from the person denying,

disputing, or challenging the claim that the person owes the debt or the amount of

the debt, such as: (i) documents with the person's current or former name, address,

and telephone number, (ii) receipts or other evidence of payment from the credit

originator, the creditor to whom the debt is owed, or a debt collector, and (iii)

canceled checks, bank account statements, credit card statements, and other

documents evidencing payment.

6.      "Debtor," for purposes of this Order, means any person obligated or allegedly

obligated to pay any debt, as well as that person's spouse, parent (if the debtor is a minor),

guardian, executor, or administrator.

I.      **CIVIL PENALTY**

**IT IS ORDERED** that:

A.      Judgment in the amount of three million two hundred thousand dollars

($3,200,000) is entered against Defendants, jointly and severally, as a civil penalty,

pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

B.      Defendants shall make the payment required by this Section within ten (10) days

following entry of this Order.  Such payment shall be made by electronic fund transfer in

accordance with procedures specified by a representative of the Plaintiff.

C.      In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D.      Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

E.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

## II.     INJUNCTION AGAINST UNLAWFUL COLLECTION PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting on debt, are hereby permanently restrained and enjoined from:

A.      Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to falsely representing, directly or indirectly, expressly or by implication, that: (1) Defendants will take steps to prevent the

placement of additional calls to telephone numbers in attempts to collect debts or locate

debtors; or (2) Defendants will not place additional calls to telephone numbers in attempts

to collect debts or locate debtors;

B.      Communicating, except when seeking to acquire location information in

compliance with Section 804 of the FDCPA, 15 U.S.C. § 1692b, with any person other

than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted

by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in

connection with the collection of a debt, unless Defendants have the prior consent of the

debtor given directly to Defendants or the express permission of a court of competent

jurisdiction, or Defendants can show that such communication is reasonably necessary to

effectuate a postjudgment judicial remedy or related to an administrative wage

garnishment pursuant to and in compliance with Department of Education regulations;

C.      Communicating more than once with persons other than the debtor for the purpose

of obtaining location information about the debtor unless such person requests that the

Defendants communicate with him or her again or Defendants have a reasonable belief

that the person's denial of knowledge of the debtor or the debtor's location in response to

Defendants' first location communication was erroneous or incomplete and the person now

has correct or complete location information;

D.      Engaging in conduct the natural consequence of which is to harass, oppress, or

abuse a person, including, but not limited to, causing a telephone to ring, or engaging a

person in telephone conversation, repeatedly or continuously with the intent to annoy,

abuse, or harass the person at the called number. *Provided that,* for purposes of this

provision (Section II.D), there shall exist a rebuttable presumption of an intent to annoy, harass, or abuse if Defendants place more than one call to any person about a debt after that person has notified Defendants either orally or in writing that the person refuses to pay such debt or that the person wishes Defendants to cease further communication with the person;

E.      Communicating with a person in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the person including, but not limited to communicating with a person at the person's place of employment if Defendants know or have reason to know that the person's employer prohibits the person from receiving such communication;

F.      Communicating with a debtor with respect to a debt if the debtor has notified Defendants in writing that the debtor refuses to pay a debt or that the debtor wishes Defendants to cease further communication with the debtor, unless the further communication is: (a) to advise the debtor that Defendants' further efforts are being terminated; (b) to notify the debtor that Defendants or the creditor may invoke specified remedies which are ordinarily invoked by Defendants or the creditor; or (c) to notify the debtor that Defendants or the creditor intend to invoke a specified remedy; and

G.      Violating any provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (a copy of which is attached hereto as Attachment A), including, but not limited to: (1) Section 807, 15 U.S.C. § 1692e; (2) Section 805(b), 15 U.S.C. § 1692c(b); (3) Section 804(3), 15 U.S.C. § 1692b(3); (4) Section 806(5), 15 U.S.C. § 1692d(5); (5) Section 805(a), 15 U.S.C. § 1692c(a); and (6) Section 805(c), 15 U.S.C. § 1692c(c).

III.   **INJUNCTION AGAINST UNSUBSTANTIATED CLAIMS**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting on debt, are hereby permanently restrained and enjoined from:

A.   Making any representation, expressly or by implication, that a person owes a debt or as to the amount of a debt, unless, at the time of making the representation, Defendants can substantiate such a representation; and

B.   Failing, after a person denies, disputes, or challenges the Defendants' claim that the person owes the debt or owes the debt in the amount asserted, to:

    1.   Within fourteen (14) days after the denial, dispute, or challenge, report the debt as disputed or request deletion of that item from the person's credit reporting file by any credit reporting agency to which the debt was reported by Defendants; and

    2.   Promptly after the denial, dispute, or challenge:

        a.   Cease collection, and not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is owed; or

        b.   Commence and complete, within thirty days (30) days after a person denies, disputes, or challenges Defendants' claim that the person owes the debt or that it owes the debt in the amount asserted, an

Investigation of the denial, dispute, or challenge, ***provided that*** Defendants shall not be required to investigate any denial, dispute, or challenge more than once unless the person provides to Defendants or the Defendants otherwise acquire or obtain information, data, or documentation that was not considered in any prior investigation.

i.  If Defendants reasonably conclude after their Investigation that the person owes the debt in the amount asserted, Defendants, within fifteen (15) days of reaching their conclusion, shall provide verification of the debt to the person, inform the person of their conclusion, and provide the basis for it, after which they may continue collection.

ii.  If Defendants reasonably conclude after their Investigation that the person does not owe the debt, Defendants shall, within fifteen (15) days of reaching their conclusion: (a) inform the person of their conclusion and the basis for it; (b) request that a consumer reporting agency to which the debt has been reported delete the debt from the person's credit reporting file; (c) cease collection; and (d) not sell, provide, or transfer the debt to any person or entity other than the creditor to whom the debt is allegedly owed.

iii.  If Defendants reasonably conclude after their Investigation

that the person does owe the debt but not in the amount that Defendants asserted, Defendants shall, within fifteen (15) days of reaching their conclusion: (a) inform the person of their conclusion and the basis for it; and (b) request that a consumer reporting agency to which the debt has been reported amend the person's credit reporting file to reflect the correct amount of the debt, after which they may continue collection.

*Provided that,* if the person initiates contact with Defendants by any means, Defendants may respond to the person prior to the completion of the Investigation.

*Provided further that,* nothing in this Part affects Defendants' obligation to comply with all applicable provisions of the FDCPA and the Fair Credit Reporting Act ("FCRA").

*Provided further that,* nothing in this Part prohibits Defendants from requiring debtors who deny, dispute, or challenge a debt on the grounds of fraud or identity theft to do so in writing, so long as Defendants clearly and conspicuously disclose these requirements to debtors.

## IV.   TELEPHONE MESSAGE REQUIREMENTS TO AVOID THIRD-PARTY DISCLOSURE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting on debt, are hereby permanently restrained and enjoined from:

A.    Leaving recorded messages, such as on the voicemail, answering machine, or messaging service of any person, in which Defendants state both: (1) the first or last name of the debtor, and (2) disclose that they are a debt collector, are attempting to collect a debt, or that the debtor owes a debt. ***Provided that,*** Defendants may leave such a message if: (1) the recorded greeting on the messaging system discloses the person's first and last name, and only that person's first and last name, and that first and last name is the same as the person who allegedly owes the debt; or (2) Defendants have already spoken with the person on at least one prior occasion using the telephone number associated with the messaging system. ***Provided further that,*** Defendants may not leave such a message under any circumstances if the person has explicitly prohibited Defendants from leaving recorded messages on that phone number.

B.    Communicating with a person about a debt in an in-bound call in response to a message left in compliance with Part IV.A for the purpose of acquiring location information for the debtor.

## V.    INJUNCTION AGAINST EXCESSIVE TELEPHONE CALLS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting on debt, are hereby permanently restrained and enjoined from:

A.    Contacting any person about a particular account at a telephone number after that person or anyone at that telephone number has informed Defendants, either orally or in

writing, that either (a) the debtor that Defendants are trying to contact cannot be reached at that telephone number or (b) the person does not have location information about the debtor Defendants are trying to reach, unless Defendants have a reasonable belief that the person's earlier statements were erroneous or incomplete, and that such person now has correct or complete location information.

B.      Failing to create and maintain (for at least three years from the date of last contact with the person) records documenting that a person has informed Defendants, either orally or in writing, that the debtor that Defendants are trying to contact cannot be reached at that telephone number or the person does not have location information about the debtor that Defendants are trying to reach.

C.      Failing to create and maintain (for at least three years from the date of last contact with the person) records documenting that Defendants had a reasonable belief that a person's statement that the debtor Defendants are trying to contact cannot be reached at that telephone number, or that the person does not have location information about the debtor, were erroneous, incomplete, or out of date, before calling that telephone number again.

*Provided that*, for purposes of this subsection V, to have a "reasonable belief" that a person's earlier statements were erroneous or incomplete and that such person now has correct or complete location information, Defendant must have: (1) conducted a thorough review of all applicable records, documents, and database entries for the debtor Defendants are trying to reach to search for any notations that indicate that the debtor cannot be reached at that telephone number or that the person does not have location information about the debtor Defendants are trying to

reach; and (2) obtained and considered information or evidence from a new or different source other than the information or evidence previously relied upon by Defendants in attempting to contact the debtor Defendants are trying to reach, and such information or evidence substantiates Defendants' belief that the person's earlier statements were erroneous or incomplete and that such person now has correct or complete location information.

## VI.   TELEPHONE COMMUNICATION COMPLIANCE REQUIREMENTS

**IT IS FURTHER ORDERED** that for a period of six (6) years from the date of entry of this Order, Defendants are hereby restrained and enjoined from failing to create and maintain tape recordings of at least seventy-five (75) percent of all telephone calls between Defendants and anyone they contact in collecting on debt, provided that Defendants must commence making such recordings no later than one (1) year after the date of this Order and must maintain these recording for 90 days after they are made.

## VII.   ATTORNEY REFERRALS

This Order shall not apply to attorney and law firm vendors who Defendants arrange to provide legal representation for their clients.

## VIII.   NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.      For a period of 5 years from the date of entry of this Order, Defendants, whether acting directly or indirectly, shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a debtor for the purpose of collecting on debt:

Federal and state law prohibit certain methods of debt collection, and

> require that we treat you fairly. If you have a complaint about the way we
> are collecting your debt, please visit our website at www.ncogroup.com
> [or applicable corporate website] or contact the FTC online at
> www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600
> Pennsylvania Ave., NW, Washington, DC 20580. If you want information
> about your rights when you are contacted by a debt collector, please
> contact the FTC online at www.ftc.gov.

The above disclosure shall be given in the language(s) that appear in such

communications sent to debtors. Defendants shall be responsible for the

requirement in Part VIII.A sixty (60) days after entry of this Order. Defendants

may also satisfy the requirements in Part VIII.A through use of an insert added to

written collection communications for six (6) months after responsibility for the

requirement in VIII.A begins.

B.      Defendants shall be deemed to have complied with the notice requirement of Part

VIII.A of this Order if Defendants provide a notice in a specific state, county, or city that

(1) is required by the laws or regulations of that jurisdiction, (2) complies with those laws

or regulations, and (3) is substantially similar to the notice required in Part VIII.A, above.

C.      Defendants, whether acting directly or indirectly, shall provide a written (electronic

or paper) copy of the following notice to all officers, servants, agents, and employees

having responsibility with respect to the collection of debts, within sixty (60) days of the

date of entry of this Order, and to each employee hired for a period of five (5) years after

that date, no later than the time the employee assumes responsibility with respect to the

collection of such debts, and shall secure from each such person, within thirty (30) days of

delivery, a signed and dated statement acknowledging that he or she has read the notice.

Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.

Section 804 of the Act says that, when contacting someone to acquire location information about the debtor, you may not state that the debtor owes a debt. You also may not contact this person more than once unless the person asks you to or unless you reasonably believe the person's earlier response was wrong or incomplete and that the person now has correct or complete location information to provide to you.

Section 805 of the Act says that, in connection with the collection of a debt, you may not communicate with any person other than the debtor for a purpose other than to obtain location information about the debtor. This means that you may not reveal the existence of a debt to anyone other than (1) the person who allegedly owes the debt or (2) the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

Section 805 of the Act also says that you may not communicate with a debtor in connection with the collection of any debt: (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the debtor; or (2) at the debtor's place of employment if the debt collector knows or has reason to know that the employer prohibits the debtor from receiving such communication.

Section 805 of the Act also says that, if a person notifies you in writing that they refuse to pay a debt or that they wish you to cease further communication with them, you shall not communicate further with that person with respect to such debt, except: (1) to advise them that further collection efforts are being terminated; (2) to notify them that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify them that the debt collector or creditor intends to invoke a specified remedy.

Section 806 of the Act states that you may not harass, oppress, or abuse any person in connection with the collection of a debt. Among other things, this includes calling someone repeatedly or continuously to annoy, abuse, or harass the person.

Page 17 of 30

Section 807 of the Act prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a debtor.

**Individual debt collectors are liable for their violations of the Act, and may be required to pay penalties if they violate it.**

*Provided that*, for purposes of compliance with Part VIII.C of this Order, the signature required for the employee's statement that he or she has read the notice may be in the form of an electronic signature.

## IX.   ORDER AND FDCPA ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order and the FDCPA (attached hereto as Attachment A) and as it may hereafter be amended:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For a period of 5 years from the date of entry of this Order, each Defendant, must deliver a copy of this Order and the FDCPA to: (1) all principals, officers, directors, and managers who formulate, direct, or control Defendants' policies and practices relating to debt collection goods or services who participate in collecting or attempting to collect debts; (2) all employees, agents, and representatives who participate in collecting or attempting to collect debts; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 30 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order

Page 18 of 30

and the FDCPA, that Defendant must obtain, within sixty (60) days, a signed and dated

acknowledgment of receipt of this Order and the FDCPA.

## X.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the

Commission:

A.  One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury. Each Defendant must: (1) designate at least one

telephone number and an email, physical, and postal address as points of contact, which

representatives of the Commission and Plaintiff may use to communicate with Defendant;

(2) identify all of that Defendant's businesses by all of their names, telephone numbers,

and physical, postal, email, and Internet addresses; (3) describe the activities of each

business, including the products and services offered, the means of advertising, marketing,

and sales, and the involvement of any other Defendant; (4) describe in detail whether and

how that Defendant is in compliance with each Section of this Order; and (5) provide a

copy of each Order Acknowledgment obtained pursuant to this Order, unless previously

submitted to the Commission;

B.  For 10 years following entry of this Order, each Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change in the

following: (1) any designated point of contact; or (2) the structure of any Defendant or any

entity that Defendant has any ownership interest in or directly or indirectly controls that

may affect compliance obligations arising under this Order, including: creation, merger,

sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any

acts or practices subject to this Order.

C.      Each Defendant must submit to the Commission notice of the filing of any

bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such

Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on:_____" and supplying the

date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all

submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate

Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission,

600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *U.S.*

*v. NCO Group, Inc., et al.*, No. 1023201.

## XI.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years

after entry of the Order, and retain each such record for 5 years, unless otherwise indicated.

Specifically, Defendants, in connection with debt collection activities, must maintain the following

records:

A.      Accounting records showing the revenues from all debt collection goods or

services, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing debt collection goods or services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

D.      For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

       1.      Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

       2.      The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer; Defendants' response to the complaint and the response date; whether the complaint was resolved; the date of resolution; and any action taken to correct the conduct complained about.

E.      Copies of all scripts and other training materials related to the collection of debts;

F.      Copies of all advertisements and other marketing materials relating to offering or providing debt collection goods or services; and

G.      All records and documents necessary to demonstrate full compliance with each

provision of this Order, including all submissions to the Commission.

XII.    **COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order,:

A.    Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission and Plaintiff is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission and Plaintiff is authorized to communicate with each Defendant through undersigned counsel. If such counsel no longer represents the Defendant, the Commission and Plaintiff are authorized to communicate directly with such Defendant. Defendants must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

Page 22 of 30

### XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


DATE: _July 16, 2013_


UNITED STATES DISTRICT JUDGE

**FOR THE PLAINTIFF:**

**FOR THE UNITED STATES OF AMERICA**

STUART DELERY
Acting Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

MICHAEL S. BLUME
Director
Consumer Protection Branch

RICHARD GOLDBERG
Assistant Director
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Tel: 202-307-2532
Fax: 202-514-8742
Email: Richard. Goldberg@usdoj.gov

SARAH R. SALDAÑA
United States Attorney

Stephen P. Fahey
Assistant U.S. Attorney for the Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Illinois Bar No.: 6274893
Tel: 214-659-8600
Fax: 214-659.8807
Email: Steve.P.Fahey@usdoj.gov

**FOR THE FEDERAL TRADE COMMISSION:**

JESSICA RICH
Associate Director for Financial Practices

CHRISTOPHER T. KOEGEL
JASON SCHALL
ROBIN THURSTON
Attorneys
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C.  20580
Tel: (202) 326-3224
Fax: (202) 326-3768

Date: _5/9/13_

**FOR Defendant EXPERT GLOBAL SOLUTIONS, INC.:**

By: _____

*Executive Vice President* of Defendant Expert Global
        Solutions, Inc.

Date: _March 11, 2013_____

**FOR Defendant NCO FINANCIAL SYSTEMS, INC.:**

By: _____

*Executive Vice President* of Defendant NCO Financial
Systems, Inc.

Date: *March 11, 2013*

Page 27 of 30

**FOR Defendant ALW SOURCING, LLC:**

By: _William L. Alb_____

              of Defendant ALW Sourcing, LLC

Date: _3/12/13_____

**FOR Defendant TRANSWORLD SYSTEMS INC.:**

By: _____

*Executive Vice President* of Defendant Transworld Systems
Inc.

Date: _March 11, 2013_

**COUNSEL FOR Defendants EXPERT GLOBAL SOLUTIONS, INC.; NCO FINANCIAL SYSTEMS, INC.; ALW SOURCING, LLC; and TRANSWORLD SYSTEMS, INC.;**

DANA ROSENFELD
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C. 20007-5108
Tel: (202) 342-8588

Date: 3/11/13

DAVID ISRAEL
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.,
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Tel: (504) 846-7900

Date: 3/9/13