UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24447-HUCK

RENE MESA,

    Plaintiff,

vs.

AMERICAN EXPRESS EDUCATIONAL
ASSURANCE COMPANY,
AMERICAN EXPRESS, and
TRANSWORLD SYSTEMS INCORPORATED,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Transworld Systems Incorporated's Motion to Dismiss . . . ("Motion") [ECF No. 27], filed February 28, 2017. Plaintiff Rene Mesa ("Mesa") filed a Motion in Opposition . . . ("Response") [ECF No. 34] on March 28, 2017. Defendant Transworld Systems Inc. ("Transworld") filed its Reply . . . ("Reply") [ECF No. 45] on April 14, 2017. The Court has carefully considered the parties' submissions, the record, and applicable law.

## I. BACKGROUND[1]

Mesa filed his Amended Complaint on February 7, 2017 [ECF No. 22], in which he alleges eight separate violations: Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d (Count I); FDCPA, 15 U.S.C. § 1692e(2) (Count II); FDCPA, 15 U.S.C. § 1692e(8) (Count III); FDCPA, 15 U.S.C. § 1692e(10) (Count IV);[2] FDCPA, 15 U.S.C. § 1692e(11) (Count V); Florida

---

[1] The Court takes the allegations from the Amended Complaint [ECF No. 22], the operative complaint in this case, as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[2] Misa mistakenly labels this "Count VI" instead of "Count IV."

Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559 (Count VI); Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count VII); and Negligent Hiring and Supervision (Count VIII). Mesa brings all eight counts against Transworld.

Mesa alleges that he received calls to his cellular telephone "several times within the last four years, by use of an automated telephone dialing system." (Am. Compl. ¶ 31). The caller represented that the call was on behalf of Defendant Transworld, but "failed to provide meaningful identification as debt collector at the inception of the calls." (*Id.* ¶ 32). "Plaintiff received several telephone calls from different telephone numbers." (*Id.*). Plaintiff received these calls "after numerous requests to cease and desist" and after settling a federal lawsuit against Defendant NCO Financial Systems[3] in case 13-cv-23131-UU. (*Id.* ¶ 33). The final call Mesa received from Transworld was on or about October 22, 2015. (*Id.* ¶ 34).

When Mesa returned the telephone calls, Transworld did not advise him that it was attempting to collect a debt nor did Transworld identify itself as a debt collector. (*Id.* ¶ 35). Although Mesa did not consent to being recorded during the phone calls, the representative indicated that she could not turn off the recorder. (*Id.* ¶ 36). Only after obtaining Mesa's private information did the representative indicate that she was a debt collector. (*Id.*). The Transworld representative refused to identify herself as a debt collector until after Mesa provided his identification information. (*Id.* ¶ 37). Mesa subsequently called Transworld various times, and a different representative informed Mesa that he owed $10,945.85. (*Id.* ¶ 39). The representative told Mesa that if he made late payments, "those late payments would not appear on the credit report." (*Id.*). However, "[t]he late payments did appear on Plaintiff's credit report." (*Id.*). Plaintiff

---

[3] The Court dismissed Defendant NCO Financial Systems from this case without prejudice on March 21, 2017 [ECF No. 32].

2

"expressed his frustration" to a supervisor regarding late payments on his credit report "that never took place." (*Id.* ¶ 40).

The Transworld supervisor informed Mesa that the original lender for the loan was American Express Educational Assurance Company ("AEEAC") and that "further inquiry regarding the false late payments that appeared in [the] credit report should be taken up with them." (*Id.* ¶ 41). Plaintiff sent Transworld a notice of dispute regarding the "false late payments" on his credit report, and Transworld "failed to list the debts as disputed." (*Id.*). Mesa alleges that "[b]y reporting misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates and ages of said alleged debt, and other matters which these Defendants knew or should have known would mislead," Defendants violated the law. (*Id.*). The late payment entries were removed from the credit report after several months. (*Id.*).

Mesa's credit report provided that he had "missed 14 payments within the last four (4) years," when in fact "[t]hese were defaulted student loans and no payment was ever made on them." (*Id.* ¶ 43). The Defendants AEEAC, American Express Company ("Amex"), and Transworld "knowingly, willfully[,] and with malice listed seventy-two (72) false and derogatory entries in Plaintiff's credit with Equifax, Experian[,] and Transunion . . . in order to coerce payment." (*Id.*). Mesa did not consent to receive calls from Transworld. (*Id.* ¶ 44). AEEAC, Amex, and Transworld "engaged in a knowingly, willfully[,] and with malice attempt to collect a debt by providing knowing false and deceptive credit information to the Credit Bureaus in an attempt to collect a debt." (*Id.* ¶ 45). Mesa's telephone number is unlisted, he does not do business with Transworld, and he never consented to Transworld's use of his private financial information and telephone number. (*See id.* ¶¶ 44, 46–47).

3

Mesa alleges that AEEAC "controls, directs, manages, oversees, supervises, profits from[,] and engages in debt collection directly and indirectly through" Transworld and is "responsible to the acts of their agents under agency." (*See id.* ¶ 48). As such, AEEAC "is required to make certain that their employees, agents[,] and servants engage in collection efforts that are compliant with the TCPA, FDCPA[,] and the FCCPA." (*See id.*). Likewise, Mesa alleges that Amex "controls, directs, manages, oversees, supervises, profits from[,] and engages in debt collection directly and indirectly through" Transworld and is "responsible to the acts of their agents under agency." (*See id.* ¶ 49).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross*

4

*& Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Transworld contends that Mesa "has failed to plead a single fact to support any of his alleged causes of action" and that Mesa's claims fail as a matter of law (Mot. 4).

#### A. FDCPA Claims

In Counts I through V, Mesa alleges that Transworld violated the FDCPA under § 1692d (harass, oppress, or abuse any person in connection with the collection of a debt), § 1692e(2) (false representation of debt), § 1692e(8) (communicating false credit information), § 1692e(10) (false representation or deceptive means to collect debt or obtain consumer information), and § 1692e(11) (failure to disclose debt collector status in initial communication). (Am. Compl. ¶¶ 73, 77, 81, 85, 89). Namely, Mesa alleges that Transworld (1) called his unlisted telephone number and harassed him "despite being asked to cease the calls and reporting false information with the credit bureaus"; (2) "report[ed] late payments that never took place on [his] credit reports"; (3) "provide[d] the credit bureaus with false late payments"; (4) "call[ed] [his] unlisted telephone number and harass[ed] him despite being asked to cease the calls[,] report[ed] false information with the credit bureaus, fail[ed] to provide a mini-miranda[,] and fail[ed] to meaningfully identify themselves"; and (5) "obtain[ed] location information while failing to provide [Mesa] the mini-miranda." (*Id.*).

The purpose of the FDCPA "is to ensure that communications *initiated by the debt collector* (not the consumer) are not abusive, deceptive, or unfair." *See Gorham-Dimaggio v.*

5

*Countrywide Home Loans, Inc.*, No. 1:05-CV-0583, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors."). To state a claim under the FDCPA, the complaint must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the statute; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Eke v. FirstBank Fla.*, 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011). Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).

Here, Mesa's FDCPA claims rest on the core allegations of a prior cease and desist request, failure to properly disclose debt collector status during telephone calls, and knowingly reporting false credit report information. While Mesa argues that he received calls from the Defendants "several times within the last four years," he also concedes that the final call he received from Transworld was on October 22, 2015. (*See* Am. Compl. ¶ 34). As Mesa filed his initial complaint on October 21, 2016, only those alleged actions by Transworld that occurred within the one-year statute of limitations period can be considered for Mesa's FDCPA claims. Mesa argues that his previous lawsuit against NCO Financial Systems (Case No. 13-cv-23131-UU) somehow placed Transworld on notice to cease and desist collection of the debt in the present case. Absent some factual allegation of a relationship between NCO Financial Systems and Transworld, and how that relationship gave rise to that notice, the Court is unable to conclude that Mesa has pled a claim of harassment or abuse in debt collection here with respect to the alleged previous cease and desist notice.

Additionally, the only alleged call from Transworld within the limitations period appears

6

to be the final call on October 22, 2015. Mesa's factual allegations regarding his phone calls with Transworld principally rely on his own return phone calls to Transworld, rather than calls initiated by Transworld. (*See, e.g.*, Am. Compl. ¶¶ 35, 39). As the FDCPA pertains to "communications *initiated by the debt collector* (not the consumer)," *Gorham-Dimaggio*, 2005 WL 2098068, at *2, it is doubtful that the FDCPA is meant to apply to this type of phone call initiated by Mesa. However, even if the FDCPA does apply to these return phone calls, Mesa's FDCPA claims fail for another reason. Meaningful disclosure requires "that a debt collector must, *when viewing the call in its totality*, disclose enough information so as not to mislead the recipient as to the purpose of the call." *See Hart v. Credit Control, LLC*, 214 F. Supp. 3d 1259 (M.D. Fla. 2016) (citation and internal quotation marks omitted) (emphasis added); *accord Beeders v. Gulf Coast Collection Bureau, Inc.*, 432 F. App'x 918, 919 (11th Cir. 2011) (finding no clear error where the district court determined that the entirety of a voice mail message, which included the term "Collection Bureau," adequately disclosed to an "unsophisticated consumer" that the call pertained to debt collection). Mesa argues that he did not receive the required "mini-miranda" disclosure from Transworld that it was a debt collector until *after* Transworld collected his personal information following several return phone calls to Transworld. (Am. Compl. ¶¶ 35–39). However, Mesa has failed to point to an authority that such debt collector disclosure is required at the beginning of the phone call. Instead, the law of this circuit is to look at the call in its totality, and it is clear from the facts as pled that Transworld disclosed its status as a debt collector during the calls, even if it did not do so at their inception.

Finally, regarding the reporting to Mesa's credit report, the complaint includes the contents of the allegedly false entry, which does not show any action by Transworld but rather by the U.S. Department of Education. (*See id.* ¶ 42). Transworld's name does not appear in the credit report

7

entry. Additionally, the last credit report date of the entry referenced here was October 3, 2015. (*Id.*). As this alleged violation occurred outside the one-year FDCPA statute of limitations, the FDCPA claims pertaining to the false credit report must be dismissed under Mesa's facts as pled.

Given the deficiencies addressed above, dismissal of Counts I through V is appropriate and required. The Court shall provide Plaintiff with one final opportunity to amend his complaint to assert sufficient allegations for his FDCPA claims within the statute of limitations period.

### B. FCCPA Claims

In Count VI, Mesa alleges that AEEAC, Amex, and Transworld "engaged and instructed others to violated [sic] § 559.72(9) by asserting the existence of some other legal right when such person knows that the right does not exist." (Am. Compl. ¶ 93). Further, "[t]hese Defendants did not have legal right to call Plaintiff's unlisted telephone number, harass the Plaintiff after being asked to cease calls or reporting false information to the credit bureaus," and "Defendants engaged in unlawful activity knowing that the activity was in violation of state and federal law and not legally allowed to be taken." (*Id.* ¶¶ 94–95).

Florida Statute Section 559.72(9) provides that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." "In contrast to the FDCPA, Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed *actual knowledge* that the threatened means of enforcing the debt was unavailable." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010). "Thus, for example, a plaintiff may establish a violation of section 559.72(9) by showing that the debt collector . . . attempted to collect a debt that had already been satisfied." *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012). In such a case, "the debt

8

collector asserted specific legal rights concerning the collection of the debt at issue when it did not legally possess those rights." *Id.*

Here, Mesa has not pled that Transworld had actual knowledge that it was not permitted to call him nor that Transworld attempted to enforce a debt it knew was illegitimate. In fact, Mesa alleges that he did not dispute the alleged "false late payments" in his credit report until after the initial Transworld phone call. (*See* Am. Compl. ¶ 41). The Court shall provide Plaintiff with one final opportunity to amend his complaint to assert sufficient allegations for his FCCPA claim.

### C. TCPA Claim

In Count VII, Mesa alleges that Transworld, AEEAC, and Amex "violated § 227(b)(1)(A)(iii) [of the TCPA] by making one or more telephone calls to Plaintiff's cellular telephone, which were initiated by an electronic autodialing device not legally permitted under any provision to the aforementioned statute and for non-emergency purposes." (Am. Compl. ¶ 98).

The TCPA provides in relevant part that "[i]t shall be unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action for a person to bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." *Id.* § 227(b)(3)(B). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *See Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

Here, Mesa provides a barebones allegation that "[s]omeone called representing that they

9

were calling on behalf of [Transworld] by use of an automated dialer, but did not provide their name." (Am. Compl. ¶ 32). Transworld argues that Mesa is required to plead his cellular telephone number to adequately allege a claim under the TCPA. (Mot. 9). However, other courts in this circuit have not found it necessary that a plaintiff plead the specific cellular telephone number. *See, e.g., Manfred v. Bennett Law, PLLC*, No. 12-CV-61548, 2012 WL 6102071, at *2 n.2 (S.D. Fla. Dec. 7, 2012) ("Contrary to [Defendant's] contention, Plaintiff need not allege his specific cellular telephone number."); *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *2 (M.D. Fla. Aug. 10, 2015) (citing the numerous district courts that have concluded that pleading an actual cellular telephone number is not necessary).

Transworld also argues that Mesa has insufficiently alleged the use of an automatic telephone dialing system. (Mot. 9–10). This Court agrees. Mesa's only factual allegation regarding the use of the automatic telephone dialing system is that someone from Transworld called "by use of an automatic dialer," but Mesa fails to provide any other details regarding the contents of the message. "[A] bare allegation that defendants used an [automated telephone dialing system] is not enough. Instead, well-pled allegations of an [automated telephone dialing system] rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an [automated telephone dialing system] was used. *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013) (citation and internal quotation marks omitted); *accord McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014); *see also Speidel v. JP Morgan Chase & Co.*, No. 2:13-CV-852-FTM-29, 2014 WL 582881, at *2 (M.D. Fla. Feb. 13, 2014) (dismissing TCPA claim for "lack[ing] adequate factual support" where the plaintiff's "allegations merely follow[ed] the language of the statute" and "failed to identify the nature of the calls"). Because Mesa has alleged insufficient facts that

Transworld made the call with an automatic telephone dialing system, the TCPA claim is dismissed without prejudice. *See Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (dismissing TCPA claim without prejudice where the complaint was "devoid of any factual allegations" to support the use of an automatic telephone dialing system). The Court shall provide Plaintiff with one final opportunity to amend his complaint to assert sufficient allegations for his TCPA claim.

### D. Negligent Hiring and Supervision Claim

In Count VIII, Mesa alleges that AEEAC, Amex, and Transworld negligently hired, trained, and/or supervised their employees and staff and that such actions violated the duty of reasonable care in supervision the employees' activity to "make certain that their acts are compliant with state and federal law resulting in Plaintiff's harassment and fraudulent items being added to his credit report." (*See* Am. Compl. ¶¶ 100–05).

"Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness." *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). "Negligent supervision occurs when during the course of employment, an employer becomes aware or should have become aware of problems with an employee that indicate his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Warner v. CBRE, Inc.*, No. 13-CV-80055, 2013 WL 12084301, at *3 (S.D. Fla. Dec. 11, 2013) (citation omitted). A "negligent supervision and retention claim . . . requires that the actions of the employee be outside the course and scope of the employee's employment." *City of Boynton Beach v. Weiss*, 120 So. 3d 606, 610 (Fla. 4th DCA 2013). Where a plaintiff fails to provide factual support for contentions that the defendants acted unreasonably in hiring or supervising employees, such "complete inadequacy" of the pleading

11

requires the court to dismiss the claim. *See Warner v. CBRE, Inc.*, No. 13-CV-80055, 2013 WL 12084301, at *3 (S.D. Fla. Dec. 11, 2013).

Mesa has provided no factual allegations that Transworld knew or should have known that a specific employee was unfit for employment. Absent any factual support, therefore, "the Court dismisses this claim *on facts alleged.*" *See Warner*, 2013 WL 12084301, at *3. The Court shall provide Plaintiff with one final opportunity to amend his complaint to assert sufficient allegations for his negligent hiring and supervision claim.

## IV. CONCLUSION

Having failed to state a viable cause of action against Defendant Transworld, Plaintiff's claims against Transworld are dismissed under Federal Rule 12(b)(6). The Court shall provide Plaintiff with one final opportunity to amend his complaint to assert sufficient allegations against Transworld. <u>However, Plaintiff should only assert such factual allegations if they can be made in good faith.</u> In the interest of clarity, Plaintiff is advised to allege and identify specific facts to support each element of each alleged violation in each count. Plaintiff should provide a "short and plain statement" of the claims and include only those facts relevant to each claim. *See* Fed. R. Civ. P. 8(a). Plaintiff is further admonished to write clearly and concisely, avoiding tangential history lessons or extraneous information. Any reference to exhibits, attachments, or law must be clearly cited within the complaint whenever possible. **Failure to comply with these requirements may result in striking some or all of Plaintiff's claims.** Accordingly, it is

**ORDERED AND ADJUDGED** that Transworld Systems Incorporated's Motion to Dismiss Amended Complaint **[ECF No. 27]** is **GRANTED**. This action is **DISMISSED without prejudice as to all counts against Defendant Transworld. Plaintiff is granted leave to file an amended complaint on or before <u>Monday, June 12, 2017</u>.** Plaintiff shall not be granted any

12

further opportunities to amend the complaint after that time. If Plaintiff chooses to file an amended complaint by the deadline, Plaintiff shall comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Moreover, in determining whether to file an amended complaint, Plaintiff should take into consideration his obligations under Rule 11 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Miami, Florida this 18th day of May, 2017.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

Rene Mesa, *Pro Se*
7014 NW 169th St
Miami, FL 33015
305-744-6134
theforexdoctor@yahoo.com